UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC LAFRANCE,

    Plaintiff,

v.                                        Case No. 08-13411
                                        Hon. Lawrence P. Zatkoff

GRAND RIVER NAVIGATION
COMPANY, INC.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 29, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant's motion to dismiss or, in the alternative, to transfer venue [dkt 4] and Plaintiff's motion for sanctions pursuant to Rule 11 [dkt 7]. The parties have briefed the motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the following reasons, Defendant's motion is DENIED and Plaintiff's motion for sanctions is DENIED.

**II. BACKGROUND**

This claim arises under the Jones Act, 46 U.S.C. § 30104 *et seq*, which provides relief to seamen injured in the course of employment. Defendant, a Delaware corporation with its principal

place of business in Ohio, is engaged in the shipping industry. Plaintiff is a Florida resident who was employed as a cook aboard Defendant's vessels when the incident giving rise to this action occurred.

Plaintiff departed one of Defendant's vessels in Detroit, Michigan, then traveled north to Rogers City, Michigan, where he boarded another vessel, the *M/V Maumee*, and traveled south to Saginaw, Michigan. On the night of May 9, 2008, the *M/V Maumee* departed Saginaw, Michigan, journeying north to Meldrum Bay, Ontario, Canada. The next morning, at approximately 8:30 a.m., Plaintiff alleges that he severely injured his back when the vessel "pitched and/or rolled" while he was carrying a 10-gallon drum of Kool-Aid. After reaching Meldrum Bay that evening, the *M/V Maumee* was loaded and continued south again, reaching its final destination of Cleveland, Ohio, on May 12, 2008, at which time Plaintiff first received medical attention.

Plaintiff filed his complaint on August 6, 2008, claiming negligence, that the vessel was unseaworthy, and seeking maintenance and cure. Defendant's first response was its motion to dismiss or transfer. After that motion was fully briefed, Plaintiff filed a motion for sanctions, to which Defendant filed a response, and the time period for Plaintiff to reply has expired.

## III. DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE

Defendant first argues that this case does not have a substantial enough connection to the Eastern District of Michigan, and accordingly, it should be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). Plaintiff insists that the current forum is proper under the venue provision of the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq*.

**A. Background**

Plaintiff is correct that the Jones Act generally references the FELA. *See* 46 U.S.C. § 30104.

The Jones Act formerly contained an independent venue provision, which did not borrow from FELA law, allowing venue "in the judicial district in which the employer resides or the employer's principal office is located." 46 U.S.C. 30104(b) *repealed by* Pub. L. 110-181, §3531, 122 Stat. 3 (2008). The House of Representatives committee that proposed the repeal reported that

> [t]his subsection is being repealed to make clearer that the prior law regarding venue, including the holding of *Pure Oil Co. v. Suarez*, 384 U.S. 202 (1966) and cases following it, remains in effect, so that the action may be brought wherever the seaman's employer does business.

H.R. Rep. No. 110-437, § 3 (2008). In *Pure Oil*, the Supreme Court construed the Jones Act's venue provision to include the definition of corporate residence contained in the general venue statute, 28 U.S.C. § 1391. *See Pure Oil*, 384 U.S. at 204.

**B. Analysis**

As no court has yet addressed this change, the Court will follow the clear legislative intent in repealing the provision and apply the *Pure Oil* analysis. Under § 1391(c), a corporation resides "in any judicial district where it is subject to personal jurisdiction at the time the action is commenced."

Defendant admits that personal jurisdiction exists in this matter. Defendant "concedes that it is engaged in business in Michigan to the extent necessary to operate its shipping business on the Great Lakes" and "Grand River vessels traverse Michigan waters and dock at Michigan ports from time to time." Def.'s Reply at 5. Defendant reiterates this in its brief against sanctions, stating it "has never maintained that its contacts with the state of Michigan do not grant this Court personal jurisdiction over it." Def's. Resp. at 4. The Court agrees and finds that personal jurisdiction exists over Defendant in this district.

3

Under 28 U.S.C. § 1391(b), venue is proper in

> (1) a judicial district where any defendant resides, if all defendants reside in the same state,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or
>
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Defendant resides in this district under the definition of corporate residence in § 1391(c). Therefore, the Court finds that this is a proper venue under § 1391(b)(1).

Defendant's argument is based solely on § 1391(b)(2). Indeed, the cases cited in its motion were situations where § 1391(b)(1) was inapplicable. *See First of Michigan Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998) (Florida individual residents challenging venue in Michigan); *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (Michigan individual resident and corporation challenging Pennsylvania venue); *Dominos Pizza PMC v. Caribbean Rhino*, 453 F. Supp. 2d 998, 1006 (E.D. Mich. 2006) (Alabama individual resident and Alabama and Texas corporations challenging Michigan venue); *Medquist MRC, Inc. v. Dayani*, 191 F.R.D. 125, 126 (N.D. Ohio 1999) (Tennessee individual resident and corporation challenging Ohio venue). In each of these cases, one of the defendants was an individual not subject to the broad residence provision of § 1391(c), and therefore, the court had to move past § 1391(b)(1) and consider § 1391(b)(2). As venue is proper under § 1391(b)(1) in this matter, the Court need not address Defendant's argument regarding the substantiality of the contacts.

## IV. DEFENDANT'S MOTION TO TRANSFER

Defendant alternatively argues that this action should be transferred to the United States

District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1404(a). While this district is a proper venue, there can be multiple proper venues in any given action, and the Court must decide whether an alternate venue would best support the interests of justice.

## A. Legal Standard

28 U.S.C. § 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Court has broad discretion to grant or deny a transfer, and a denial is reviewed only for an abuse of discretion. *See Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

The Court must give deference to Plaintiff's choice of forum, and this choice will not be disturbed "unless the balance is strongly in favor of the defendant." *Stewart v. Dow Chem. Co.*, 865 F.2d 103, 106 (6th Cir. 1989) (citing *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947)). Defendant correctly observes that this deference is lessened by the fact that Plaintiff does not reside in Michigan. *See Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 850 (S.D. Ohio 2007) (citing cases). Even so, the following factors are to be considered in determining whether transfer is appropriate:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*Helder v. Hitachi Power Tools, USA Ltd.*, 764 F. Supp. 93, 96 (E.D. Mich. 1991).

## B. Analysis

### 1. Parties' convenience

Defendant's principal place of business is located in Ohio and Ohio is where Plaintiff first

received medical attention.  Plaintiff's arguments regarding convenience center largely on that of the potential witnesses, discussed *infra*.  Although Plaintiff's counsel is located in Michigan, this is generally given "little weight."  *Campbell v. Hilton Hotels Corp.*, 611 F. Supp 155, 157 (E.D. Mich. 1985).  The convenience factor favors Defendant.

### 2. Witnesses' convenience

Witness convenience is "often cited as the most important factor" in the analysis. 15 Wright, Miller, & Cooper, Federal Practice and Procedure § 3851 p. 199 (3d ed. 2007).  A slight majority of the crew, including the captain and first and second mates, are residents of Michigan.  The remaining crew members are from Ohio, as are other potential witnesses, including Defendant's corporate officers and medical professionals who treated Plaintiff.

The convenience of Defendant's employees as witnesses is generally entitled to less deference.  *See, e.g.*, *Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 730-31 (S.D. Tex. 2002).  Additionally, the moving party should identify its witnesses and describe their expected testimony so the Court can consider their individual significance; without this showing, transfer should be denied.  *See Roberts v. Norfolk S. Ry.*, No. 05-74484, 2006 WL 1452502, at * 2 (E.D. Mich. May 24, 2006); *Bacik v. Peek*, 888 F. Supp. 1405, 1415 (N.D. Ohio 1991); *see also* 15 Wright, Miller, & Cooper, § 3851 pp. 221-35.  Defendant does not specifically identify any potential witnesses, aside from broad categorizations, nor does it allude to potential testimony.  Defendant's claim that this litigation is too undeveloped for such information implicates the timing of its motion rather than provides excuse for the omissions.  Finally, in any event, the distance from Ohio to Michigan is not so great that any witness would be overly inconvenienced.  Defendant has not met its burden here.

**3. Relative ease of access to sources of proof**

The most important source of proof in this matter appears to be Plaintiff's medical and personnel records. The parties dispute where the necessary medical records are located, with Defendant claiming they are in Ohio and Plaintiff arguing they are in his home state of Florida. Regardless of the location of the pertinent records, neither party will be unduly burdened on this basis due to modern conveniences of travel, shipping, and data storage. This factor does not favor a transfer.

**4. Availability of process to compel attendance of unwilling witnesses**

As the potential witnesses reside in both Michigan and Ohio, some witnesses will likely fall outside of subpoena power regardless of the forum. Thus, this factor advances no reason to disturb the current forum.

**5. Cost of obtaining willing witnesses**

The costs for Defendant include travel for medical personnel and corporate officers. A transfer may increase the cost for Plaintiff's expert witness to travel from Wisconsin to Ohio, rather than Michigan, but any increase would be minimal. This factor initially favors Defendant, although it has not specified which witnesses are necessary for trial. Those not needed at trial could easily be deposed in Ohio. Additionally, Defendant, a corporation, most likely has greater resources than Plaintiff, an individual. This factor only slightly favors Defendant.

**6. Practical difficulties associated with trying the case quickly and inexpensively**

The parties have not pleaded relevant facts as to this prong other than the increased costs due to witnesses and travel discussed above. Therefore, this factor is immaterial.

**7. Interests of justice**

Although Plaintiff does not reside in Michigan, he has alleged facts showing that the injury occurred in Michigan waters. Michigan has a public interest in protecting those injured in its waters. Further, this suit arises under federal law, so forum selection should not affect the outcome. The parties have not advanced any additional prudential concerns, nor can the Court identify any, that would warrant transfer. Accordingly, the Court finds the interests of justice in this matter favor Plaintiff's right to choose his forum.

In conclusion, Defendant has not alleged facts sufficient to meet its strong burden necessary to warrant a transfer.

### V. PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff moves for sanctions claiming that Defendant did not conduct a reasonably inquiry into the underlying facts of this matter and that its motion is baseless. Specifically, Plaintiff cites to Defendant's repeated assertions that no part of the incident occurred in Michigan and that this matter has no relation to Michigan.

**A. Legal Standard**

Fed. R. Civ. P. 11 governs sanctions in this instance and requires in relevant part that

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b)(3)-(4). The proper inquiry for deciding whether Rule 11 sanctions are appropriate is "whether the attorney's conduct was reasonable under the circumstances." *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). The Court has wide discretion to impose

8

sanctions, and if the Court finds sanctions appropriate, in determinating the type and amount of sanctions. *See Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 419 (6th Cir. 1992); *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 376 (6th Cir. 1996).

**B. Analysis**

The Court does not find Plaintiff's contentions persuasive. Defendant's averments regarding the location of the vessel at the time of the incident are based on its interpretation of the incident report. To the extent Defendant's motion was misleading, its reply brief alleviated any such confusion. Finally, Defendant's arguments consider only the time of the injury and the events subsequent, while Plaintiff considers events prior to the injury, which did occur in Michigan.

The Court finds that Defendant's motion was not false or misleading. Therefore, the Court does not find that an award of sanctions is appropriate at this time.

## VI. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss or, in the alternative, to transfer venue [dkt 4] is DENIED. Additionally, Plaintiff's motion for sanctions [dkt 7] is DENIED.

IT IS SO ORDERED.


                                          S/Lawrence P. Zatkoff
                                        LAWRENCE P. ZATKOFF
                                        UNITED STATES DISTRICT JUDGE

Dated: December 29, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 29, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290