UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC LAFRANCE,  
        Plaintiff,

v.

GRAND RIVER NAVIGATION
COMPANY, INC.,

        Defendant.
                                                /

No. 08-13411

District Judge Lawrence P. Zatkoff

Magistrate Judge R. Steven Whalen

## OPINION AND ORDER REGARDING JURY INSTRUCTIONS

This matter has been referred pursuant to 28 U.S.C. § 636(b)(3) for a hearing on disputed jury instructions. At the Court's direction, the parties have submitted a written list of the disputed instructions, with their respective arguments and citations of authority.[1] The Court finds as follows.

## GENERAL DISPUTED INSTRUCTIONS

Defendant's Disputed Instruction #1

Defendant seeks an instruction that there is no inference of negligence from the mere fact that an accident occurred. Plaintiff agrees that this is a correct statement of the law, and does not dispute the first sentence of Defendant's proposed instruction, which states:

> "The mere fact that an accident happened, standing alone, does not permit the jury to draw the inference that the accident was caused by negligence."

---

[1] Although the parties have provided hard copies of their disputed instructions, they have not to date efiled their disputed jury instructions, with pinpoint citations of authority as required by Judge Zatkoff's order of June 8, 2010. They are directed to do so forthwith.

However, the Defendant adds additional verbiage, most of which is redundant. In addition, the fourth sentence of Defendant's instruction is confusing, and conflicts with the principle that an unseaworthy vessel creates strict liability. *Churchwell v. Bluegrass Marine, Inc.,* 444 F.3d 898, 904 (6th Cir.2006).

Therefore, the first sentence of Defendant's proposed instruction, quoted above, will suffice.

Plaintiff's Disputed Instruction #2

This instruction provides that "the Defendant takes the Plaintiff as it finds him," although Plaintiff states that he will withdraw this instruction if Defendant agrees not to raise a pre-existing condition defense. The Defendant responds that "Plaintiff has sought, and received, assurances from Defendant that it will not argue that Plaintiff suffered from a pre-existing condition that pre-disposed him to his alleged back injury." It is therefore puzzling why this instruction is still in dispute. Based on the Defendant's representations, this instruction will not be given.

Defendant's Disputed Instruction #3 and Plaintiff's Disputed Instruction #4

These instructions go to negligence and foreseeability. The parties have no basic disagreement as to the law. The Defendant's instruction, while not incorrect, is wordy, confusing and difficult to follow. The Plaintiff's instruction is more succinct, but neglects to mention the burden of proof. Therefore, combining the best of both, the instruction to be given is:

> "The definition of negligence requires the defendant to guard against those risks or dangers of which it knew or by the exercise of due care should have known. In other words, the defendant's duty is measured by what a reasonably prudent person would anticipate or foresee as creating a potential for harm resulting from particular circumstances.
>
> "Plaintiff bears the burden of proving that the injury was reasonably foreseeable to defendant at the time of the work activities."

Plaintiffs (Second) Disputed Instruction #4

(Plaintiff appears to have erroneously given this instruction the same number as the previous one). This instruction, dealing with consequential damages, states:

> "If you find that Defendant's negligence caused Plaintiff's initial injuries, then Defendant must compensate Plaintiff for any and all consequences of its negligence, even if they are improbable or unexpectedly severe."

Defendant argues that Plaintiff has provided no authority to support this proposition. To the contrary, Plaintiff cites language from *Gallick v. Baltimore & Ohio R.R.*, 372 U.S. 108, 120 (1963), that directly supports his proposed instruction. Therefore, the instruction should be given, provided that Plaintiff produces evidence at trial that he suffered "improbably or unexpectedly severe" consequential damages.

Plaintiff's Disputed Instruction #5

This instructions covers the claim of unseaworthiness. The second and third paragraphs, describing the elements of the claim and differentiating a claim of unseaworthiness from negligence, are not in dispute. Defendant objects to the first paragraph, in which Plaintiff specifically describes the conditions alleged to be unseaworthy, stating that this description is "inflammatory" and "not a proper subject for a jury instruction." Defendant also contends that the language deviates from the pattern jury instruction, but does not say how.

Plaintiff's proposed instruction is taken from §§ 155.90 and 155.92 of Federal Jury Practice and Instruction, 5th Ed., O'Malley and Grenig. Section 155.90 provides for a description of the specific conditions alleged to have made the vessel unseaworthy. Because the instruction is cast in terms of Plaintiff's *allegations*, and places the burden of proving those allegations by a preponderance of the evidence on Plaintiff, it is an appropriate instruction.

Plaintiff's Disputed Instruction #6

This instruction deals with statistical tables as to Plaintiff's life expectancy. The dispute is between Defendant's request to use the tables for "healthy males," and the Plaintiff's request to use the table for "healthy person," which would result in a higher averaged life expectancy.

Plaintiff concedes that the actuarial tables distinguish between genders "for scientific purposes." According to the data, women, on average, live longer than men. The Plaintiff is a man. Future earnings "are customarily determined by 'using actuarial tables, based upon large segments of a particular population.'" *Weil v. Seltzer*, 873 F.2d 1453, 1462 (D.C. Cir. 1989), quoting *Runyon v. District of Columbia*, 463 F.2d 1319, 1322 (D.C. Cir. 1972). The population of all "healthy males" is the relevant population here, and results in a more accurate assessment of *this* Plaintiff's life expectancy for purposes of determining future wage loss. In *Manufacturers Hanover Trust Co. v. United States*, 775 F.2d 459, 461 (2d Cir. 1985), an estate tax case in which the Internal Revenue Service distinguished between the life expectancies of males and females in order to valuate reversionary interests, the Second Circuit held:

> "The challenged practice lacks those characteristics that make gender classifications invidious. There is no evidence that the challenged practice distributes burdens or benefits in a way that disadvantages the class of women as a whole, or that disadvantages the class of men as a whole. The gender classification does not demean the ability or social status either of women or of men, and it is not based on assumptions that women or men will choose stereotyped or traditional social roles. *The gender-based mortality tables realistically reflect the fact that men and women have different average life expectancies, and the government's use of these averages for determining values in estate taxation does not create an unacceptable risk of discriminating against those who are not within the statistical norm* (emphasis added)."

Therefore, the instruction will reflect the statistical tables for "healthy males."

Plaintiff's Disputed Instruction #7 and Defendant's Disputed Instruction #13

This instruction covers pain and suffering, mental anguish and "intangible" damages. The Plaintiff's instruction is adapted from § 85.04 of 3 Devitt & Blackmar, Federal Jury Practice and Instructions, 4th Ed., and the Defendant has offered no legal authority contrary to this instruction. Therefore, Plaintiff's Instruction #7 will be given.

Defendant's Disputed Instruction #13 is also a correct statement of the law, and will be given, in part, along with Plaintiff's Instruction #7. That portion of the Defendant's proposed instruction that will be given states:

> "The law does not prescribe a definite standard or method of calculation for fixing reasonable compensation for pain and suffering. In making an award for pain and suffering, you must exercise your authority with calm and reasonable judgment without being unduly swayed by considerations of sympathy, and the damages you fix must be reasonable in light of the evidence.

The last sentence of Defendant's instruction is superfluous, and states, "The argument of counsel as to the amount of damages is not evidence of reasonable compensation and is not binding on you." This should not be given in conjunction with the "pain and suffering" instruction. Rather, there should be a separate instruction that the argument of counsel is not evidence.

Plaintiff's Disputed Instruction #9

This instruction states:

> "Under the law, the jury is given discretion to award interest running from the date that the lawsuit if filed until the date of the verdict. Such interest is awarded on the theory that it makes up for the loss and delay in Defendant compensating Plaintiff for his damages sustained. If you award pre-judgment interest, the Court will set the percentage rate."

In *Petersen v. Chesapeake & Ohio Ry. Co.*, 784 F.2d 732, 740 (6th Cir. 1986), the Court held that "[w]here a general maritime claim is tried to a jury, the grant or denial of prejudgment interest must be submitted to the jury." The requested instruction is therefore appropriate, and should be given.

The Defendant argues that "prejudgment interest is not appropriate where Plaintiff's demand is significantly greater than the amount he is ultimately awarded." However, if in fact Plaintiff is awarded only nominal damages, the Defendant's argument would be more appropriately presented in a post-verdict motion to set aside or modify the judgment.

Plaintiff's Disputed Instruction #10 and Defendant's Disputed Instruction #11

These deal with the income tax effect of any jury award. Both Plaintiff's and Defendant's proposed instructions are based on the standard Devitt & Blackmar instruction, but go on to add explanatory material. Defendant seeks to include an instruction that "in computing the amount of damages that you may find the plaintiff is entitled to recover for past or future lost earnings, the plaintiff is entitled to recover only the net, after-tax income. In other words, plaintiff is entitled to recover only 'take-home pay' which you find he has lost in the past, or will lose in the future." That a jury award would not be subject to income tax is a correct statement of the law. *See Norfolk & W. Ry. Co. v. Liepelt*, 444 U.S. 490, 496-498, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980). However, the "take-home pay" language is unnecessary, and, as Plaintiff points out, may confuse or mislead the jury regarding entitlement to fringe benefits.

Therefore, the following instruction should be given:

> "In the event that you determine to award the plaintiff a sum of money, you are instructed that the award is not subject to any deductions for federal or state income tax."

Defendant's Disputed Instruction #12

On a related note, Defendant seeks an instruction as to the 2008 and 2009 federal income tax tables, and an instruction that the corresponding Social Security tax rate is 6.2%. Defendant cites no authority for including this instruction. In *Norfolk & W. Ry.*

*Co., supra*, the Supreme Court discussed the virtues of a simple, straightforward instruction that an award is not taxable, and noted that additional "qualifying" instructions would be unnecessary:

> "We hold that it was error to refuse the requested instruction in this case. That instruction was brief and could be easily understood. It would not complicate the trial by making additional qualifying or supplemental instructions necessary. It would not be prejudicial to either party, but would merely eliminate an area of doubt or speculation that might have an improper impact on the computation of the amount of damages." *Id*. 444 U.S. at 498.

The *Norfolk* Court also approved the admission of evidence as to the tax consequences of any damage award, and the Defendant in this case is free to present and argue such evidence, be it from expert witnesses, stipulations or judicially noticed facts. However, the Defendant's proposed instruction #12 should not be given.

## CAUSATION DISPUTED INSTRUCTIONS

Plaintiff's Causation Instruction #1 and Defendant's Causation Instruction #2

Plaintiff's proposed causation instruction, based on Sixth Circuit case law, explains that a shipowner is liable for injuries that resulted "in whole or in part from the negligence of another employee." *Tomlinson Fleet Corp. v. Herbst*, 268 F.2d 642, 644 (6th Cir. 1959). In addition, if negligence is established, a plaintiff need only show that the defendant's negligence played *some* part in causing the injury, even if it worked in combination with other causes. *See Perkins v. Am. Elec. Power Fule Supply, Inc.*, 246 F.3d 593, 598 (6th Cir. 2001). Apparently recognizing Sixth Circuit authority, the Defendant in this case states the "If this Court determines that it is bound by Sixth Circuit precedent to deny a proximate cause instruction for the Jones Act claim," it is proposing its alternative instruction (#2) in order to preserve the issue for appeal.

This Court is certainly bound by Sixth Circuit precedent. Plaintiff's proposed

instruction should be given, and Defendant's denied.

Plaintiff's Causation Disputed Instruction #3

The first paragraph of Plaintiff's "unseaworthiness" causation instruction is a standard instruction to which there is no disagreement, i.e., "an unseaworthy condition caused or contributed to cause plaintiff's injury only if the unseaworthiness condition was a direct and substantial cause of such injury." However, the second paragraph, to which Defendant objects, compares the Jones Act standard with the unseaworthiness standard. This was already covered in Disputed General Instruction #5, *supra*, and need not be restated in this instruction.

Plaintiff's Causation Disputed Instruction #3 should therefore be given, omitting the second paragraph.

## **MAINTENANCE AND CURE DISPUTED INSTRUCTIONS**

Plaintiff's Maintenance and Cure Disputed Instruction #1

Plaintiff's proposed instruction is standard, and defines maintenance and cure, including the principle that "a seaman is not entitled to maintenance for that period of time that he is an inpatient in any hospital." The Defendant counters that the rate of maintenance and cure in this case is set forth in the Plaintiff's Collective Bargaining Agreement ("CBA").

The Plaintiff's instruction is fine, as far as it goes. However, the Defendant is correct that the *rate* of maintenance and cure set forth in the CBA is controlling. *See Ammar v. United States*, 342 F.3d 133, 143 (2nd Cir. 2003); *Marcic v. Reinauer Transp. Co.,* 397 F.3d 120, 131 (2d Cir.2005) ("The Court in *Ammar* joined the majority of Circuit Courts to have considered the matter in holding that while the right to maintenance may not be waived by contract, seamen may, through union-negotiated

CBAs, limit the right to maintenance to which they are entitled, and courts must respect such limitations.").

Therefore, the Plaintiff's instruction should be given, with the added instruction that the rate contained in the CBA is controlling, as are any other modifications made by the CBA.

Plaintiff's Maintenance and Cure Instruction #2, #3 and #5

Here, Plaintiff seeks instructions on additional damages for unreasonable failure of Defendant to provide maintenance and cure. Defendant objects to the instruction as not being supported by evidence.

The trial has not yet occurred. If Plaintiff introduces evidence of an unreasonable failure to provide maintenance and cure, the instructions are appropriate. Otherwise, they should not be given if not supported by the evidence.

Plaintiff's Maintenance and Cure Disputed Instruction #4

As discussed in Plaintiff's Maintenance and Cure Instruction #1, *supra*, the rate of maintenance and cure is set forth in the CBA. The instruction here is appropriate only to the extent that it does not conflict with the CBA, and should be supplemented with the CBA provisions on maintenance and cure.

**INSTRUCTIONS AFFECTED BY PENDING MOTIONS IN LIMINE**

Plaintiff has proposed two disputed instructions regarding his loss of future earning power. On December 24, 2009, Defendant filed a motion in limine to preclude Plaintiff from presenting the issue of lost future earnings [Docket #19]. That motion is pending.

Defendant states that it will concur in standard or pattern instructions on loss of future earnings if the Court denies its motion in limine. Therefore, if the motion in limine

is in fact denied, the Plaintiff's instructions should be given, so long as they conform to Devitt & Blackmore and/or O'Malley & Grenig.

## **CONCLUSION**

The parties will refile a complete copy of their Joint Jury Instructions within seven days of the date of this Order, incorporating the above findings and conclusions. Any instruction to which a party has objected in the Disputed Jury Instructions discussed above shall be deemed preserved for purposes of appeal.

SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: September 20, 2010

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on September 20, 2010.

s/Susan Jefferson
Case Manager