# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARC LAFRANCE,

    Plaintiff,

v.

Case No. 08-13411
Hon. Lawrence P. Zatkoff

GRAND RIVER NAVIGATION CO., INC.,

    Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 21, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on: (1) Defendant's motion in limine to preclude Plaintiff from presenting the issue of alleged lost future earnings to the jury [dkt 19]; (2) Defendant's motion in limine to exclude any argument by Plaintiff that this lawsuit is Plaintiff's only remedy or that Plaintiff has not received workers' compensation benefits [dkt 20]; and (3) Defendant's motion in limine to preclude Plaintiff from presenting the issue of subsequent remedial measures to the jury [dkt 25]. The parties have fully briefed the motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. The Court will address the motions in turn.

## II. BACKGROUND

Plaintiff filed this lawsuit seeking damages under the Jones Act, 46 U.S.C. § 30104 *et seq.*, for injuries he allegedly suffered while employed by Defendant as a cook aboard the *M/V Maumee*. Specifically, Plaintiff alleges that he seriously injured his back while lifting a 5-gallon beverage container when the vessel "pitched or rolled." This movement allegedly caused a cooler door to close and prevented Plaintiff from entering the cooler, which in turn caused Plaintiff to twist and injure his back while placing the container on the ground. Plaintiff contends that Defendant was negligent because: (1) the beverage container was not reasonably safe and manageable; (2) the cooler should have been equipped with a door that would not inadvertently close; and (3) Plaintiff should not have been required to lift the container alone. Plaintiff seeks damages for negligence under the Jones Act, along with maritime claims for unseaworthiness and maintenance and cure.

Defendant denies that it was negligent or that its vessel was unseaworthy. It suggests that carrying the soft-drink container was a routine task, and that Plaintiff should have sought assistance if he was unable to carry the container by himself. It also contends that the cooler door was incapable of closing in the manner described by Plaintiff because the hinges locked in place. Finally, Defendant attributes Plaintiff's back injury to a preexisting condition.

### III. ANALYSIS

**A. Future Earnings**

Defendant's first motion in limine attempts to preclude Plaintiff from presenting evidence of his lost future earnings. Defendant insists that Plaintiff has failed to produce any evidence in support of such damages.

Plaintiff contests Defendant's characterization of his claim, arguing that he seeks lost earning capacity rather than lost future earnings. Plaintiff requests that the Court deny the motion as an

2

untimely summary-judgment motion. Alternatively, Plaintiff represents that he has provided sufficient evidence of his lost earning capacity.

The Court is unconvinced that the parties' battle of semantics is material or relevant. Putting such distinctions aside, the gist of Defendant's motion is whether Plaintiff can present evidence at trial regarding his future economic damages.

The parties focus on *Ide v. Oglebay Norton Marine Management Co., LLC*, Case No. 06-13794 (E.D. Mich. filed Aug. 25, 2006). Notably, counsel in this matter represented both parties in *Ide*. In *Ide*, the court denied a nearly identical motion in limine. Plaintiff focuses on the outcome, while Defendant relies on the court's reasoning in reaching that decision.

While the *Ide* court denied the motion, it admonished Plaintiff as follows:

> You have to have some evidence from which the jury can determine what the impact of the injury is on his future earning capacity. And it is not sufficient to say he earned $35,000 a year before his injury, and now he can't do any job that requires repetitive lifting, standing, et cetera. That's not enough. And I'll tell you right now, that if that's all you have, and we come to the end of Plaintiff's case, you're looking at a directed verdict.
>
> So I'm going to deny this motion in limine without prejudice to have you renew it, if appropriate, at the end of Plaintiff's case.

Def.'s Reply Br. Ex. A at p.14.

The Court agrees with the *Ide* court. If Plaintiff does not present sufficient evidence at trial on which a reasonable juror could find that he will suffer future economic losses, Defendant will have an opportunity to challenge the legal sufficiency of the claim. That Defendant contests the sufficiency of the evidence, however, is not a reason to exclude such evidence.

Moreover, the Court does not agree with the *Ide* court's conclusion that this type of challenge is properly heard on a motion in limine. Defendant is attempting to preclude a category of damages

rather than specific evidence. "[M]otions in limine are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions disguised as motions in limine." *Nomo Agroinudstrial SA DE CV v. Enza Zaden N. Am. Inc.*, No. CV-05-351-TUC-FRZ, 2007 U.S. Dist. LEXIS 26298, at *2 n.1 (D. Ariz. Apr. 9, 2007). *See also SPX Corp. v. Bartec USA, LLC*, No. 06-14888, 2008 WL 3850770, at *3 (E.D. Mich. Aug. 12, 2008) ("Normally, motions *in limine* are not proper procedural devices for the wholesale disposition of theories or defenses."); *ABC Beverage Corp. & Subsidiaries v. United States*, No.1:07-cv-051, 2008 WL 5424174, at *2 (W.D. Mich. Dec. 4, 2008) (noting that motions in limine are not "substitutes for dispositive motions"); *Goldman v. Healthcare Mgmt. Sys., Inc.*, 559 F. Supp. 2d 853, 871 (W.D. Mich. 2008) (collecting cases). The denial of a motion in limine is warranted where the moving party seeks to argue the merits of its case and preclude the non-moving party from presenting its case. *See United States v. Karamuzis*, No. 02 C 7993, 2004 WL 2203413, at *4 (N.D. Ill. Sept. 28, 2004). The Court therefore finds that the future-damages issue would have properly been the subject of a motion for summary judgment.

The Court finds Defendant's motion to be lacking both procedurally and substantively. As a result, Plaintiff will be permitted to present evidence at trial pertaining to his future economic losses, and Defendant may challenge the legal sufficiency of the evidence presented through a proper motion. Defendant's motion in limine is DENIED.

**B. Worker's Compensation**

Defendant's second motion in limine attempts to prevent Plaintiff from (1) characterizing this lawsuit as his only available remedy; and (2) arguing that he has not received workers' compensation benefits. Defendant posits that it will be unfairly prejudiced by such misleading

4

and/or untrue statements.

### 1. Only Available Remedy

Plaintiff construes Defendant's motion as one seeking to prevent him from making comments relating to his "one day in court" when requesting relief. Defendant responds by arguing that the proposed "one day in court" language is irrelevant.

The Court finds the "only available remedy" and "one day in court" statements to be mutually exclusive and materially different. If Plaintiff were to inform the jury that this lawsuit is his sole means for monetary relief, that would be a false statement, and it would not only be inadmissible, but also sanctionable. *See Munns v. CSX Trans., Inc.*, No. 3:07CV2507, 2009 WL 805133, at *1 (N.D. Ohio Mar. 27, 2009) (granting motion in limine to prevent statement that the plaintiff's "day in court" was "it for him" when the plaintiff had received disability benefits). Plaintiff's "one day in court" language, however, contains no such falsehood, and it appears to be nothing more than a lawyer's rhetoric used in argument. The Court cannot fathom how that statement would prejudice Defendant.

In addition, this court has once again decided the exact issue in a case involving counsel for both parties.[1] *See Klump v. Oglebay Norton Marine Servs. Co., LLC*, No. 08-10120, 2010 WL 1463194, at *3 (E.D. Mich. Apr. 12, 2010). In *Klump*, the court held that "Plaintiff cannot argue that this case is his 'only' avenue to recovery, but Defendants have not demonstrated that a broad order prohibiting the use of the phrase[] 'one day in court' . . . is necessary." *Id*. The Court finds no principled reason to decide the matter differently.

---

[1]The Court will note that *Klump* was not decided at the time Defendant filed this motion in limine, in contrast to *Ide*, which was decided prior to Defendant's motion in limine regarding future economic losses and cited therein.

Defendant's motion in limine is therefore GRANTED such that Plaintiff cannot make any statement suggesting that this lawsuit represents his only avenue for recovery. The motion is DENIED to the extent that Defendant seeks to preclude the "one day in court" language.

**2. Workers' Compensation**

Defendant also moves to prevent Plaintiff from representing that he has not received workers' compensation benefits for his injury because such benefits are not available to seamen; rather, they receive maintenance and cure. According to Defendant, the suggestion that Plaintiff cannot receive workers' compensation benefits will further insinuate that this case represents Plaintiff's only potential source of recovery.

Plaintiff agrees that the collateral-source rule generally prohibits the introduction of payments received from other sources, but he objects to a moratorium on the phrase "workers' compensation," because he plans to analogize his maintenance-and-cure claim to the workers' compensation regime. Defendant responds that maintenance and cure is separate and distinguishable from workers' compensation, and that the analogy would only cause confusion.

The Court again presumes that Plaintiff will not make an intentionally misleading or false statement regarding his eligibility for workers' compensation benefits, and if he does, he will be sanctioned accordingly. However, the Court finds no reason to ban the phrase "workers' compensation" from the trial entirely. Defendant will have the opportunity, if necessary, to differentiate maintenance and cure from workers' compensation through cross-examination and opening and closing arguments. *See Klump*, 2010 WL 1463194, at *3 (denying similar motion in limine because "[i]t is possible that workers compensation may be relevant at some point in the trial").

Additionally, despite Defendant's objections, the workers' compensation analogy, while imperfect, is not unprecedented, and it may assist the jury in understanding the complex subject of maritime law. *See West v. Midland Enters., Inc.*, 227 F.3d 613, 617 (6th Cir. 2000) ("[M]aintenance and cure is an independent claim that operates like a workers' compensation statute for seamen . . . ."); *Guevara v. Maritime Overseas Corp.*, 34 F.3d 1279, 1285 (5th Cir. 1994) (describing maintenance and cure as "[e]ssentially a form of workers' compensation-like employee benefit"); *Alrayashi v. Rouge Steel Co.*, 702 F. Supp. 1334, 1338 (E.D. Mich. 1989) ("An action for maintenance and cure is general maritime law's equivalent of workmen's compensation.").

Accordingly, Defendant's motion in limine is GRANTED insofar as Plaintiff shall not make any statements or elicit any testimony suggesting that he is unable to recover workers' compensation benefits, because such benefits are not available to him as a matter of law. The motion is DENIED insofar as it seeks to preclude all mention of the phrase "workers' compensation."

## C. Subsequent Remedial Measures

Defendant's final motion in limine seeks to preclude evidence of any subsequent remedial measures taken following the date of Plaintiff's alleged injury. Defendant specifically cites the substitution of 1-gallon beverage containers for 5-gallon containers on the *M/V Maumee*, which it explains was due to the tendency of the 5-gallon containers to leak and not because the 5-gallon containers were unreasonably heavy.

Plaintiff contends that he intends to present evidence of the use on other vessels of 1-gallon containers prior to his injury, rather than the subsequent use of the containers on the *M/V Maumee*. Plaintiff argues that because the 1-gallon containers were used prior to his injury, such evidence is properly admissible because it does not constitute a remedial measure. Defendant replies that the

7

use of 1-gallon containers on other ships, "at undisclosed times and in undisclosed locations" is irrelevant in determining whether it acted negligently and is unduly prejudicial.

Federal Rule of Evidence 407 bars the use of subsequent remedial measures to prove negligence or other culpable conduct, and Plaintiff is prohibited from presenting evidence of a change in beverage-container size for this purpose. Although Rule 407 permits the use of such evidence for other purposes (*e.g.*, to prove ownership or control), Plaintiff has not identified a permissible alternative basis for admissibility at this time. Thus, evidence that the *M/V Maumee*—or for that matter, any vessel operated by Defendant—was outfitted with 1-gallon beverage containers following Plaintiff's injury is inadmissable.

Plaintiff argues that he should be allowed to present evidence that other vessels provided a safer work environment through the use of 1-gallon containers, relying on *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898 (6th Cir. 2006). In *Churchwell*, which was also a maritime case, the court held that "[p]roof that a safer alternative existed makes it 'more probable' that Defendants failed to exercise reasonable care in outfitting the kitchen." *Id.* at 905; *see also* Fed. R. Evid. 401. However, because a possibly safer alternative was available does not automatically render the utilized procedure negligent. *See, e.g.*, *Schirm v. Dene Steam Shipping Co.*, 222 F. 587, 590 (E.D.N.Y. 1914) ("This proof of use of handrails on ladders on this ship and on other ships is doubtless relevant to the issue. Such use is relevant as evidence, but it does not establish the standard of conduct").

The Court finds it appropriate to allow Plaintiff to argue that lighter beverage containers presented a safer alternative for lifting than did the heavier containers, regardless of whether lighter containers were used on other vessels. Defendant will have the opportunity to prove that the use of

8

5-gallon containers was reasonable, and the jury will decide the issue.

The Court concludes that evidence of the substitution of 1-gallon containers on the *M/V Maumee* or any other vessel operated by Defendant following Plaintiff's injury is inadmissible as a subsequent remedial measure. *See* Fed. R. Evid. 807. It further finds that the probative value of evidence that other vessels used 1-gallon containers prior to Plaintiff's injury is not substantially outweighed by the dangers of unfair prejudice or confusion of the issues presented to the jury, and such evidence is therefore admissible. *See* Fed. R. Evid. 403. Defendant's motion in limine is GRANTED IN PART AND DENIED IN PART.

## IV. CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED THAT

(1) Defendant's motion in limine regarding future economic losses [dkt 19] IS DENIED;

(2) Defendant's motion in limine regarding workman's compensation [dkt 20] IS GRANTED IN PART AND DENIED IN PART; and

(3) Defendant's motion in limine regarding subsequent remedial measures [dkt 25] IS GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: September 21, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 21, 2010.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290